IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES STEWART | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv267 |
| MADELINE ORTIZ | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff James Stewart, an inmate confined at the Hightower Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Madeline Ortiz.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff complains of the inadequacy of the Sex Offender Treatment Program offered by the Texas Department of Criminal Justice, Correctional Institutions Division. Plaintiff alleges Madeline Ortiz has provided inadequate treatment through the Sex Offender Treatment Program because the programs available do not enable him to effectively work toward his rehabilitation goals and the completion of his civil commitment requirements. The defendant is located in Huntsville, Texas.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, the plaintiff complains of the inadequacy of the Sex Offender Treatment Program offered by the Texas Department of Criminal Justice, Correctional Institutions Division. The headquarters for the TDCJ-CID is located in Huntsville, Walker County, Texas. Further, the defendant regarding this claim is located in Walker County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Walker County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, this action should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this 13 day of October, 2016.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE